UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MICHAEL SCHROEHER,

                Plaintiff,              CV-06-4113 (SJF)(AKT)

    -against-

UNITED PARCEL SERVICE BUSINESS TRAVEL      **OPINION & ORDER**
ACCIDENT INSURANCE PLAN, and LIFE
INSURANCE COMPANY OF NORTH AMERICA,

                Defendants.
----------------------------------------X
FEUERSTEIN, J.

    Before the Court are objections by defendants United Parcel Service Business Travel Accident Insurance Plan ("UPSBTA") and Life Insurance Company of North America ("LINA") (collectively, "defendants") to a Report and Recommendation of United States Magistrate Judge A. Kathleen Tomlinson dated March 21, 2009 ("the Report") that recommends denying the parties' cross motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons stated herein, the Report of Magistrate Judge Tomlinson is modified and, as modified, is otherwise accepted in its entirety.

I

    Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters, to which a timely

1

objection has been made, is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See, Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). To accept the report and recommendation of a magistrate judge to which no timely objection has been made, the district judge need only be satisfied that there is no clear error on the face of the record. See, Fed. R. Civ. P. 72(b); Baptichon v. Nevada State Bank, 304 F.Supp.2d 451, 453 (E.D.N.Y. 2004), aff'd, 125 Fed.Appx. 374 (2d Cir. 2005); Nelson v. Smith, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b).

II

The only objection raised by defendants to the Report is that Magistrate Judge Tomlinson erred in failing to recommend that the case be remanded to LINA, the claims administrator, for further proceedings. In response, plaintiff contends, *inter alia*, that the factual issues which Magistrate Judge Tomlinson found precluded summary judgment to either party may be resolved by the Court following a bench trial and, thus, remand to the claims administrator is not necessary or, indeed, desirable.

Neither party raises any objections to the substantive factual findings and legal conclusions of Magistrate Judge Tomlinson. Upon review, the Court is satisfied that the factual findings and legal conclusions in the Report are not facially erroneous and, thus, adopts those

2

findings and conclusions in their entirety.

Although plaintiff contends that a bench trial is more appropriate because, *inter alia*, the Court found that a *de novo*, as opposed to an arbitrary and capricious, standard of review applies to defendants' denial of benefits to plaintiff, see, e.g. MacMillan v. Provident Mut. Life Ins. Co. of Philadelphia, 32 F.Supp.2d 600, 616 (W.D.N.Y. 1999), it is clear that regardless of the standard of review applied, it is within the discretion of the Court as to which course of action to pursue, i.e., a remand to the claims administrator or a bench trial. See, e.g. Gammell v. Prudential Ins. Co. of America, ___ F.Supp.2d ___, 2008 WL 5655442, at * 14 (D.Mass. Sept. 25, 2008) (holding that the decision to remand is committed to the discretion of the district court, notwithstanding its finding that the administrator's decision was subject to *de novo* review) (citing Cook v. Liberty Life Assur. Co. of Boston, 320 F.3d 11, 24 (1st Cir. 2003)); Dionida v. Reliance Standard Life Ins. Co., 50 F.Supp.2d 934, 942 (N.D.Cal. 1999) (recognizing that remand is available even on *de novo* review); cf. Fitts v. Unum Life Ins. Co. of America, No. Civ. A. 98-00617, 2007 WL 1334974, at * 21 (D.D.C. May 7, 2007) (holding that remand to a plan administrator is "not necessary" and is "not required" where the court develops a factual record in making its *de novo* determination); Casey v. Uddeholm Corp., 32 F.3d 1094, 1099 n. 4 (7th Cir. 1994) (holding that on *de novo* review, remand to administrator is "not required").

In denying the parties' cross motions for summary judgment, Magistrate Judge Tomlinson specifically found, *inter alia*, that the record was insufficient with respect to the significance of plaintiff's prior back problems and that further inquiry and medical evidence was necessary to complete the record. Thus, this is not a case where the claims administrator's decision was found to be contrary to the facts or unreasonable, see, e.g. Zervos v. Verizon New

3

York, Inc., 277 F.3d 635, 648 (2d Cir. 2002) (holding that remand is inappropriate where the problem is not that the administrative record was incomplete, but that the denial of benefits was unreasonable); Grosz-Salomon v. Paul Revere Life Ins. Co., 237 F.3d 1154, 1163 (9th Cir. 2001) (holding that "a plan administrator will not get a second bite at the apple when its first decision was simply contrary to the facts"), where "new" evidence presented for the first time in the district court would likely not change the administrator's decision, see, e.g. MacMillan, 32 F.Supp.2d at 616 (finding that since the "new" evidence did not contain different medical information or opinions, it was unlikely to change the claims administrator's determination), or where the administrator was found to have breached fiduciary duties and remand would have been "an empty formality," see, e.g. Gaines v. Sargent Fletcher, Inc. Group Life Ins. Plan, 329 F.Supp.2d 1198, 1224 (C.D.Cal. 2004). Since the record is presently insufficient as to the significance of plaintiff's prior back injuries on his eligibility for benefits, LINA, as claims administrator, should be provided an opportunity to develop the record further and make relevant determinations in the first instance. See, e.g. Mood v. Prudential Ins. Co. of America, 379 F.Supp.2d 267, 282 (E.D.N.Y. 2005) (finding that regardless of the standard of review applied, the claims administrator should be given an opportunity to determine in the first instance, *inter alia*, whether the plaintiff's earlier symptoms necessarily led to the conclusion that the claimed disability was pre-existing and, thus, excluded from coverage); Gammell, 2008 WL 5655442, at * 14 (holding that remand is appropriate where more information is needed to determine the claimant's eligibility for benefits); Collinsworth v. AIG Life Ins. Co., 404 F.Supp.2d 911, 924 (N.D.Tex. 2005) (remanding plaintiff's claims to the administrator for additional factual determinations notwithstanding that the plan was subject to *de novo* review); cf. Dionida, 50

4

F.Supp.2d at 942 (holding that remand is not usually warranted on *de novo* review where there is a fully developed record). Accordingly, this matter is remanded to the claims administrator for proceedings consistent with the Report and this order.

II. Conclusion

Defendants' objection is sustained and the Report is modified to the extend of remanding this matter to the claims administrator for further development of the record and for review and consideration of any additional evidence consistent with the findings and conclusions in the Report of Magistrate Judge Tomlinson. As modified, the Report is otherwise accepted in its entirety and the motion of plaintiff and cross motion of defendants for summary judgment are denied. The Clerk of the Court shall close this case, with leave to restore on motion of any party upon determination of the claims administrator on remand. The Court will retain jurisdiction pending defendants' review on remand. See, e.g. Gammell, 2008 WL 5655442, at * 15.

SO ORDERED.

SANDRA J. FEUERSTEIN
United States District Judge

Dated: April 21, 2009
Central Islip, New York

Copies to:

DeHaan Busse LLP
300 Rabro Drive, Suite 101
Hauppauge, New York 11788
Attn: John W. DeHaan, Esq.
Paul Michael Kampfer, Esq.

Russo, Keane & Toner, LLP
33 Whitehall Street, 16th Floor
New York, New York 10004
AttnL Kevin G. Horbatiuk, Esq.